UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAMON FORTE,  )
 )
          Petitioner,  )
vs.  )   Case No. 1:14-cv-454-TWP-DKL
 )
SUPERINTENDENT,  )
 )
          Respondent.  )

**Entry and Order Dismissing Action**

**I.**

This matter is before the Court on Petitioner Damon Forte ("Mr. Forte's") petition for habeas corpus relief challenging a prison disciplinary proceeding identified as No. ISP 12-03-0030 by trafficking. This habeas challenge was previously docketed as No. 1:13-cv-01106-TWP-DKL and was concluded through issuance of final judgment dismissing the action with prejudice on January 2, 2014. Mr. Forte's first post-judgment motion was denied based on the guidelines established in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In *Gonzalez*, the Supreme Court held that a state prisoner may not rely on Rule 60(b) to raise a claim in federal habeas proceedings that would otherwise be barred as second or successive under 28 U.S.C. § 2244. Accordingly, Mr. Forte's second post-judgment action was treated as a new habeas filing and resulted in the docketing shown above. The action is now before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. ' 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000).

As the foregoing narrative shows, the present action, for which no authorization from the Court of Appeals has been supplied, must be dismissed for lack of jurisdiction as an unauthorized second or successive habeas application. *Harris v. Cotton,* 296 F.3d 578, 579 (7th Cir. 2002) (section 2244(b) of 28 U.S.C. applies to § 2254 petitions challenging sanctions imposed in prison disciplinary proceedings); *see also Burton v. Stewart,* 549 U.S. 147, 153 (2007) (stating that the district court was without jurisdiction to entertain the habeas petition because the petitioner failed to receive the required authorization from the Court of Appeals and had "twice brought claims contesting the same custody imposed by the same judgment of the state court.").

The habeas petition shows on its face that Mr. Forte is not entitled to the relief he seeks. The action is dismissed for lack of jurisdiction.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 04/28/2014

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Damon Forte
# 988357
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362